Bret SPENCER, Plaintiff—Appellant,

v.

U.S. DEPT. OF STATE; et al., Defendants—Appellees.

No. 05–35449.

D.C. No. CV–03–02835–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.[*]

Decided March 16, 2006.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bret Spencer, Bellevue, WA, pro se.

Marion J. Mittet, Esq., USSE, Office of the U.S. Attorney, Seattle, WA, for Defendants–Appellees.

** This disposition is not appropriate for publication and may not be cited to or by the

Appeal from the United States District Court for the Western District of Washington, John C. Coughenour, Chief Judge, Presiding.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Bret Spencer appeals pro se from the district court's order dismissing his action against the U.S. Department of State and others regarding the termination of his contract employment as a systems analyst. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's dismissal of an action for failure to serve a summons and complaint, *Townsel v. Contra Costa County,* 820 F.2d 319, 320 (9th Cir.1987), and review de novo a district court's dismissal for lack of subject matter jurisdiction, *Transmission Agency of N. California v. Sierra Pac. Power Co.,* 295 F.3d 918, 927 (9th Cir. 2002), *cert. denied,* 539 U.S. 914, 123 S.Ct. 2272, 156 L.Ed.2d 129 (2003). We affirm.

■ The district court did not abuse its discretion by dismissing Spencer's claims against the defendants sued in their individual capacities, because Spencer failed to properly serve them despite the district court giving him an extension of time and warning him that his claims would be dismissed if he did not serve all defendants. *See* Fed.R.Civ.P. 4; *Townsel,* 820 F.2d at 320.

■ The district court also properly dismissed Spencer's claims against the United States agencies and all individuals named in their official capacities, because Spencer failed to establish subject matter jurisdiction over any of his claims. *See*

courts of this circuit except as provided by 9th Cir. R. 36–3.

*F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458–59 (a suit against officers and employees of the United States in their official capacities is essentially a suit against the United States, and the bar of sovereign immunity applies).

Spencer's remaining contentions lack merit.

All pending motions are denied.

AFFIRMED.